IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:26-ct-03196-BO

| | | |
|---|---|---|
| SARA LEWIS, individually and as Administrator of the Estate of JARED LAKE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>WAKE COUNTY, NORTH CAROLINA, *et al.*,<br><br>Defendants. | ) | **CONSENT MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT BY OHIO CASUALTY INSURANCE COMPANY** |

Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 6.1, Defendant Ohio Casualty Insurance Company moves the Court for an extension, through September 30, 2026, to answer or otherwise respond to Plaintiff's complaint. As grounds for this motion, Defendant shows as follows:

1. Plaintiff served Defendant through the North Carolina Department of Insurance on July 28, 2026, pursuant to N.C.G.S. § 58-16-45.

2. N.C.G.S. § 58-16-45 provides:

> When service of legal process is made in the manner provided in G.S. 58-16-30, the Commissioner or his duly appointed deputy shall within four business days thereafter notify the company served of such service or acceptance of service by registered or certified mail directed to its secretary, or its resident manager in the case of a foreign company having no secretary in the United States. Such notification shall be accompanied by a copy of the process served or accepted and any pleading or order accompanying the process. The Commissioner shall keep a record which shall show the day and hour of such service or acceptance of service of process and whether any pleading or order accompanied the process. When service is made under the provisions of G.S. 58-16-30, the time within which to file

a responsive pleading, as provided by Chapter 1A of the General Statutes, shall be deemed extended by 12 days.

3. Under normal circumstances, Defendant's answer would have been due on August 31, 2026 – 21 days plus an additional 12 days pursuant to the statute.

4. However, service by the Department of Insurance was not made within four days as required by the statute. Defendant was not physically served by the Department until August 19, 2026.

5. Under these circumstances, it is unclear when Defendant's answer is due.

6. Subject to approval by the Court, Plaintiff and Defendant have agreed to treat Defendant's answer deadline as September 9, 2026 – 21 days from the actual service date of August 19, 2026.

7. Also subject to approval by the Court, Plaintiff and Defendant have agreed to an extension of Defendant's answer deadline to September 30, 2026.

8. Defendant needs additional time to consult with counsel and investigate Plaintiff's claims.

9. After consultation, no other Defendant objects to the granting of this Motion.

This the 8th day of September, 2026.

/s/ Frederick M. Thurman, Jr.
Frederick M. Thurman, Jr. (NC Bar No. 26159)
Shumaker, Loop & Kendrick, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280-0002
Telephone: (704) 375-0057
Facsimile: (704) 332-1197
E-Mail: fthurman@shumaker.com
*Attorneys for Defendant Ohio Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have caused a copy of the foregoing to be served on all counsel of record by the Court's ecf system:

Elliot Sol Abrams
Cheshire Parker Schneider & Abrams, PLLC

Patrick Joseph Scott
Wake County Attorney's Office

Roger A. Askew
Wake County Attorney's Office

Vanessa Curtis Duncan
Wake County Sheriff's Office

Jonathan D. Patton
Huff Powell Bailey

J. Matthew Little
Teague Campbell Dennis & Gorham LLP

This this 8th day of September, 2026.

/s/ Frederick M. Thurman, Jr.
Frederick M. Thurman, Jr.